# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-40154
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 29, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ALVARO ZERMENO-CAMPOS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:13-CR-232

Before KING, OWEN, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Alvaro Zermeno-Campos appeals the 38-month below-guidelines sentence imposed by the district court for his conviction for being found in the United States after deportation, having been previously convicted of an aggravated felony. Zermeno-Campos argues that the sentence was procedurally unreasonable because the district court failed to explain it adequately. He also asserts that the sentence was substantively unreasonable

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-40154

because the district court failed to give proper consideration and proper weight to all of the factors that he raised, including his motive for returning to the United States to visit his ill mother, his limited criminal history, and his education including some college. He further contends that the applicable guidelines provision, U.S.S.G. § 2L1.2, does not consider the type or quantity of drugs involved in the prior offense. In addition, he maintains that the sentence is substantively unreasonable in light of Amendment 782[1], because if Amendment 782 had applied to his prior drug trafficking offense, he likely would have received a 12-level enhancement rather than a 16-level enhancement in the instant case.

Because Zermeno-Campos did not object to the adequacy of the district court's explanation in the district court, review is limited to plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009). The district court considered Zermeno-Campos's arguments, as well as the presentence report, and the 18 U.S.C. § 3553(a) factors. The district court granted a variance to 38 months of imprisonment based in part on Zermeno-Campos's military service, despite the fact that he was discharged for other than honorable circumstances because of a pattern of misconduct. The record indicates that the district court provided an adequate explanation for the below-guidelines sentence. *See Rita v. United States*, 551 U.S. 338, 356-57 (2007). Further, Zermeno-Campos has not shown that his substantial rights were affected by any purported error as there is nothing in the record to indicate that the district court would have imposed a lower sentence if it had provided a more thorough explanation or more specifically addressed his mitigation arguments. *See Mondragon-Santiago*, 564 F.3d at 365.

---

[1] U.S.S.G., App. C., Amend. 782.

2

No. 15-40154

Zermeno-Campos also has not shown that the sentence imposed was substantively unreasonable. The district court considered all of his arguments, as well as the PSR and the § 3553(a) factors and determined that a below-guidelines sentence was appropriate. On appeal, Zermeno-Campos is essentially asking this court to reweigh the sentencing factors. "[T]he sentencing judge is in a superior position to find facts and judge their import under § 3553(a) with respect to a particular defendant." *United States v. Campos-Maldonado*, 531 F.3d 337, 339 (5th Cir. 2008). Zermeno-Campos has not shown that the sentence did not account for a factor that should have received significant weight, gave significant weight to an irrelevant or improper factor, or represented a clear error of judgment in balancing the sentencing factors. *See United States v. Smith*, 440 F.3d 704, 708 (5th Cir. 2006). Therefore, he has not shown that the below-guidelines sentence imposed by the district court was substantively unreasonable. *See id.*

AFFIRMED.